**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SERGIY KARLOVICH, | No. 07-72265 |
| Petitioner, | Agency No. A079-641-438 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Sergiy Karlovich, a native and citizen of Ukraine, petitions pro se for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001), and we deny in part and dismiss in part the petition for review.

Karlovich claims that the Ukrainian authorities are still interested in him based on his refusal to serve in the then Soviet-controlled military over 20 years ago.  Substantial evidence supports the IJ's finding that this claim lacked inherent plausibility.  *See Jibril v. Gonzales*, 423 F.3d 1129, 1135 (9th Cir. 2005) (noting that testimony that is implausible in light of objective evidence can support an adverse credibility finding).  Substantial evidence further supports the IJ's adverse credibility determination because Karlovich's asylum application omitted the fact that the police were constantly looking for him at his home and work for over 20 years, and this omission goes to the heart of his claim.  *See Li v. Ashcroft*, 378 F.3d 959, 962-64 (9th Cir. 2004).  In the absence of credible testimony, Karlovich's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Karlovich's CAT claim is based on the same statements found to be not credible, and he does not point to any other evidence in the record that compels the conclusion it is more likely than not he would be tortured if returned to

Ukraine, substantial evidence supports the IJ's denial of CAT relief. *See id*. at 1156-57.

To the extent Karlovich contends the IJ demonstrated bias, we lack jurisdiction to review this claim because it was not exhausted before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**